UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SYLVESTER JOHNSON,

    Plaintiff,

v.                                       Case No. 4:19cv515-MW-HTC

MARK INCH, SECRETARY,
FLORIDA DEP'T OF CORR. et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, has filed a civil rights complaint (ECF Doc. 1), pursuant to 42 U.S.C. § 1983, and a motion to proceed *in forma pauperis* (ECF Doc. 2).[1] The complaint is now before the Court for preliminary screening under 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons which follow, the undersigned respectfully recommends that the complaint be dismissed under 28 U.S.C. § 1915(g)'s three strikes rule and for abuse of the judicial process. Specifically, Plaintiff failed to disclose at least six (6) prior cases that he filed,

---

[1] This action has been referred to the undersigned Magistrate Judge for preliminary screening pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).

including five (5) which were dismissed for reasons constituting a "strike" under § 1915(g).

Section VIII of the civil rights complaint form[2] filled out by Plaintiff, titled Prior Litigation, states:

> ATTENTION: The 'three strikes rule' of the PLRA bars a prisoner from bringing a case without the full payment of the filing fee at the time of case initiation if the prisoner has 'on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.' 28 U.S.C. § 1915(g).

ECF Doc. 1 at 10. Section VIII (A) then asks, "To the best of your knowledge, have you had any case dismissed for a reason listed in 28 U.S.C. § 1915(g) which counted as a 'strike'?" *Id.* at 12. Plaintiff checked the box labeled, "NO" and wrote in the margin: "I'm not sure." Plaintiff did not disclose any cases in that section. *Id.*

The complaint form also asks: "Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?" *Id.* at 13. In response, Plaintiff checked the box labeled, "YES" and disclosed one (1) case, 8:19cv2297, which is currently pending in the Middle District of Florida. *Id.*

---

[2] Plaintiff's complaint is not on the correct version of the required form for this district. That failure, however, is not relevant for purposes of this order.

Case No. 4:19cv515-MW-HTC

At the end of the complaint, Plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct." ECF Doc. 1 at 14. Thus, Plaintiff swore that, at the time he filed the complaint, he had not had any federal cases dismissed as frivolous, malicious, failing to state a claim, or before service. *Id.* at 16.

This Court takes judicial notice, however, that at the time Plaintiff filed the instant complaint, he had filed under his name and Florida Department of Corrections registration number, 026655, the following actions, which had been dismissed:

*Johnson v. Rice*, 8:96cv1575 (dismissed on motion to dismiss and appeal dismissed for failure to prosecute)

*Johnson v. Richardson*, et al., 8:99cv380 (dismissed under *Heck*)

*Johnson v. Sexton*, 5:10cv198 (dismissed for failure to comply with an order of the court)

*Johnson v. State of Florida*, 8:17cv2126 (dismissed for failure to prosecute)

*Johnson v. Varnes*, et al., 8:17cv2297 (dismissed as 3-striker)

Under section 1915(g), a prisoner is prohibited from bringing a "civil action or appeal . . . in a civil action or proceeding [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United Sates that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

granted." 28 U.S.C. § 1915(g). The only exception to this rule is if the "prisoner is under imminent danger or serious physical injury." *Id.* Because Plaintiff has had at least three (3) prior cases which were dismissed as malicious or for failure to state a claim, Plaintiff cannot maintain this action without paying the entire filing fee. *See Buckle v. Daniels*, 2010 WL 1838073 (S.D. Fla. Apr. 7, 2010) (identifying dismissals that qualify as a "strike").

Also, the Court has reviewed the complaint, and Plaintiff does not allege an imminent threat of physical injury. ECF Doc. 1. Indeed, the relief requested is for monetary damages and although he seeks an injunction against Defendant Booth for sexual harassment, Plaintiff does not allege an imminent threat of physical injury by Booth. Instead, Plaintiff alleges that he "won't get a proper, and meaningful medical treatment and care" "**in the future**" should Booth happen to be the only medical person on duty. ECF Doc. 1 at 6.

As an additional ground for dismissal, Plaintiff also failed to disclose, *Johnson v. FL Attorney Gen'l*, et al., 8:3cv2089 (petition for habeas corpus). Plaintiff has been given fair warning that failure to disclose prior litigation could result in dismissal. *See* ECF Doc. 1 at 14. Giving Plaintiff the benefit of the doubt that he was "not sure" if he had cases that had been dismissed under section 1915(g); he did

Case No. 4:19cv515-MW-HTC

not similarly qualify his response to the question regarding other actions filed challenging his conviction.[3]

The Court has the authority to control and manage matters such as this pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. The quality of justice is threatened if the Court cannot rely on the statements or responses made by the parties. The Court will not tolerate false responses or statements in any pleading or motion filed before it. Moreover, as a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. In light of 28 U.S.C. § 1915(g), the Court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

Here, Plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew from reading the complaint form and from prior cases that disclosure of all prior civil cases was required. The complaint form clearly

---

[3] The Court finds it hard to believe Plaintiff was not aware he had filed prior cases which had been dismissed under 1915(g), since the court in *Johnson v. Varnes*, et al., 8:17cv2297, specifically dismissed the case because Plaintiff was a 3-striker.

Case No. 4:19cv515-MW-HTC

states: "**Failure to disclose all prior cases may result in the dismissal of this case**." *Id.* at 14 (emphasis in original).  If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  The Court should not allow Plaintiff's false responses to go unpunished.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice.  *See Bratton v. Secretary*, No. 2:10cv517-FtM-29DNF, 2012 WL 2913171 (M.D. Fla. July 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 5:08cv300-RS-EMT, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one prior federal case).

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g) and 28 U.S.C. § 1915(e)(2)(B)(i).

2. That the clerk be directed to close the file.

DONE AND ORDERED this 29th day of October, 2019.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:19cv515-MW-HTC

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 4:19cv515-MW-HTC